## Leichthammer et al. v. Board of Adjustment of Norristown Borough

*Theodore Lane Bean* and *Harry F. Hauser*, for petitioners.

*Julian W. Barnard*, for Board of Adjustment of Norristown Borough.

DANNEHOWER, J., December 15, 1941.—Frank O. Leichthammer and his sister, Evelyn Leichthammer, as joint owners of 311-13 Haws Avenue, situate on the

southwest corner of Airy Street and Haws Avenue, Borough of Norristown, Montgomery County, Pa., filed this appeal from the decision of the board of adjustment, under section 44-E-9 of the zoning ordinance of the Borough of Norristown, Pa., for the resumption of a nonconforming use of a store building connected with a dwelling as a drug store in a class "C" residence district, "when such nonconforming use has been discontinued for a period exceeding one year and has not been followed by a more restricted use, and when it is not reasonably practicable to utilize the building and lot upon which such building is located for a conforming use".

At the hearing before the court, appellants presented additional testimony which the court permitted and deemed necessary for a proper disposition of the matter.

The record and testimony disclose that appellants' property, known as 311-13 Haws Avenue, Norristown, Pa., consists of a three-story brick dwelling and attached thereto a one-story brick store building, which is located on the immediate corner of Airy Street and Haws Avenue. The store building, which is connected to the dwelling by a common wall through which there is a connecting door and also by a cellar, is approximately 25 ft. x 20 ft., containing 450 square feet of floor space, has a large show window on Haws Avenue, and a store entrance on the immediate corner.

According to the testimony, these buildings were erected about fifty years ago, and the store building has always been conducted as a corner drug store. In 1928 Austen Streeper, who with his wife lived in this dwelling, and for almost 20 years conducted this drug store, died. His widow, who continued to reside in the dwelling, closed the store doors, but continuously from 1928 until 1938, when she died, sold many articles of the stock, including medicines, cotton, bandages, etc., to her friends and customers, who entered the store

through her private residence. The stock, fixtures, soda-fountain, show-cases, prescription counter and furnishings remained in the store in the same condition, although the store entrance remained closed. Many people knew they could purchase, and did purchase, many articles of the stock, and former customers very frequently called upon her for certain medicines and prescriptions which they knew she had in the store. She tried unsuccessfully to rent this store building as a drug store.

In October 1940, two years after her death, in order to settle the estate, public sale was made of the stock and fixtures and also the real estate. Appellants purchased the real estate for $6,650 and immediately converted the dwelling into a three-family apartment house at a cost of $6,500. This property has been appraised at $13,000 and is assessed at $6,300. The store building still remains vacant.

In September 1933, the zoning ordinance was enacted, and the revised and amended zone map of the Borough of Norristown (admitted in evidence) approved by town council on April 1, 1941, designates this store building as a nonconforming use in a class "C" residence district.

In June 1941, the building inspector, and thereafter the board of adjustment, refused appellants' application for the issuance of a certificate of occupancy to reestablish the discontinued use of this store building as a drug store. The board of adjustment realized, and stated in their decision, that there existed sufficient "exceptional circumstances" to warrant their consideration of the appeal from the decision of the building inspector. However, the board refused the certificate because it was not convinced that there was any exceptional practical difficulty in developing the property for professional use or residential purpose according to the permissive use in that district, or any undue hardship would result from the strict application of the zoning provisions.

Under the provisions of the zoning ordinance, this store building, in a class "C" residence district, may be used for any use permitted in an "A" or "B" residence district, also multiple dwellings, lodging or boarding house, apartment hotel, public or semi-public institution, fraternal or clubhouse, etc. The accessory uses permitted in the district are those customarily incident to the above uses, such as an office or studio, for home occupations, private garage or stable.

Section 44-E of the zoning ordinance provides:

"Where, by reason of topographical conditions, district border line situations, immediately adjoining existing developments or because of other exceptional circumstances, the strict application of any provisions of this Ordinance would result in exceptional practical difficulty or undue hardship upon the owner of any specific property, the Board, in passing upon appeals, shall have the power to vary or modify such strict application or to interpret the meaning of this Ordinance so as to relieve such difficulty or hardship; provided that such variance, modification or interpretation shall remain in harmony with the general purpose and intent of this Ordinance, so that the health, safety, morals and general welfare of the community shall be conserved and substantial justice done. In granting variations, the Board, if it deem proper to the carrying out of the intent and purpose of this Ordinance, may impose such reasonable and additional stipulations and conditions such as increasing the open spaces surrounding a hospital or similar institutions as will in its judgment, better fulfill the purpose of the Ordinance. In the exercise of this power the board may, among other variances, modifications and interpretations, authorize a permit to be issued."

"Sec. 9. For resumption of a non-conforming use of a building in a residence district when such non-conforming use has been discontinued for a period exceeding one (1) year and has not been followed by a more

restricted use, when it is not reasonably practicable to utilize the lot upon which such building is located for a conforming use."

Appellants contend that, under these provisions of the zoning ordinance, the board abused its discretion in refusing to grant the application, because the store building was erected, used and peculiarly adapted as a store, and to refuse such use would result in exceptional practical difficulty and undue hardship under all the surrounding circumstances.

With this contention we must agree. The judges have viewed the store in question and its surroundings. The testimony, as well as the view, reveals that the store building was constructed, used for almost 40 years, and is peculiarly adapted to the particular use as a drug store. Within a radius of approximately 150 yards of the store in question there are three apartment houses, three doctor's offices, two large fraternal homes, a funeral home, a large gasoline filling station, a tire store, an automobile sales room and service station, a restaurant, a large stable, 10 or 12 garages, an architect's office, and a large fire company building. Under these circumstances, we fail to see how a corner drug store will adversely affect the public health, morals, general welfare, or the spirit of the ordinance, and owing to the special conditions a literal enforcement of the provisions of the ordinance will, in our opinion, result in unnecessary hardship and exceptional practical difficulty. Substantial justice and a sound discretion require the issuance of the requested permit.

And now, December 15, 1941, for the foregoing reasons, the appeal is sustained, the order of the board of adjustment is reversed, and the proper municipal authorities are directed to issue to said owners a certificate of occupancy to reëstablish said building as a drug store, when they shall have complied with all other legal requirements of the ordinance.

DANNEHOWER, J., February 13, 1942.—On December 15, 1941, by decree of this court, the appeal of Frank O. Leichthammer and Evelyn Leichthammer, owners of 311-13 Haws Avenue, Norristown, Pa., from the decision of the board of adjustment in refusing to issue a use and occupancy permit to use said premises as a drug store, was sustained and the proper municipal authorities were directed to issue to said owners a certificate of use and occupancy to reëstablish said building as a drug store.

Thereafter the administrative officer of the zoning ordinance filed a petition for a more definitive decree requesting a definition and explanation as to what is a drug store, in the following language:

"Your petitioner most respectfully represents that in many commercial establishments where drugs and medicines are sold, there are likewise sold and vended to the public various and sundry goods of trade ranging all the way from household furniture to kitchen equipment, to automobile accessories, radios, and in some cases hardware and tools. That also in some establishments where drugs are also sold, there are maintained soda fountains, ice cream vending facilities, news stands, magazine stands, cigar and cigarette counters, photographic departments, and also in some commercial establishments where drugs are also sold there are operated various amusement devices such as mechanical machines which on a deposit of a coin will play music in a loud and a raucous manner, and also in some establishments where drugs are also sold are operated various amusement devices known as 'pin ball machines'.

"Your petitioner also avers that in some such establishments where drugs are also sold, and various amusement devices are maintained and soda fountains and refreshment stands maintained, various people of the neighborhood have a habit of congregating, lounging about in and upon the sidewalk, in the doors and

entrance ways, and such places become known in modern parlance as a 'cowboy hang out'.

"Your petitioner also avers that in many commercial establishments where drugs are also sold, restaurant facilities are maintained and meals served to the general public."

Upon this petition a rule was granted, and service was accepted by counsel for the owners, who filed no answer, and the matter is before us.

Premises no. 311 Haws Avenue, Norristown, Pa., consist of a three-story apartment house, and premises known as no. 313 Haws Avenue a one-story brick store building 25 feet long and 20 feet wide, containing 450 square feet of floor space.

The apartment house no. 311 and the store building no. 313, attached thereto, have a party wall, and a neighborhood drug store was conducted in this store building for at least 40 years. It was built and designed as a store building and is designated on the recent zone map of the Borough of Norristown as a nonconforming use in a class "C" residence district. Surely, the administrative officer of the zoning ordinance cannot be serious when he alleges in his petition that a small store building only 25 feet by 20 feet could be used to display and sell household furniture, kitchen equipment, automobile accessories, radios, tools, hardware, maintain a soda fountain, lunch counter, icecream vending machines, record-playing machines, pinball machines and at the same time, carry a stock of drugs, medicines, perfumes, and cosmetics.

The application was for a use and occupancy permit to *reëstablish* said store building as a drug store as it had been operated and conducted for the past 40 years; that is, as a small neighborhood drug store selling such articles and doing such business as is usually and reasonably conducted by such stores. A drug store is a retail shop where drugs, medicines, cosmetics,

and miscellaneous small articles are sold. A permit should be issued in accordance with this opinion.

And now, February 13, 1942, the proper municipal authorities are directed to issue to Frank O. Leichthammer and Evelyn Leichthammer, owners of 313 Haws Avenue, Norristown, Pa., a certificate of occupancy to reëstablish said store building as a drug store, when they shall have complied with all other legal requirements of the zoning ordinance.